# EXHIBIT 2



# Service of Process Transmittal
04/19/2021
CT Log Number 539413916

| | |
|---|---|
| **TO:** | Dana Bawden<br>Allstate Insurance Company<br>13937 S SPRAGUE LANE SUITE 400<br>DRAPER, UT 84020 |
| **RE:** | **Process Served in Utah** |
| **FOR:** | ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY  (Domestic State: IL) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CODY HOOD, Pltf. vs. ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY, Dft.<br>*Name discrepancy noted*. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Second Judicial Court, Davis County, Davis Department, UT<br>Case # NONE |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Midvale, UT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/19/2021 at 15:01 |
| **JURISDICTION SERVED :** | Utah |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service of this Summons (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Ryan M. Nord<br>SAGE LAW PARTNERS, LLC<br>140 North Union Ave Suite 220<br>Farmington, UT 84025<br>801-438-7120 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/20/2021, Expected Purge Date: 04/25/2021<br><br>Image SOP<br><br>Email Notification,  Dana Bawden  dana.bawden@allstate.com<br><br>Email Notification,  Greg Hamblin  Greg.Hamblin@allstate.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1108 E. South Union Avenue<br>Midvale, UT 84047<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

Page 1 of  2 / AS



**Service of Process Transmittal**
04/19/2021
CT Log Number 539413916

**TO:** Dana Bawden
Allstate Insurance Company
13937 S SPRAGUE LANE SUITE 400
DRAPER, UT 84020

**RE:** **Process Served in Utah**

**FOR:** ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (Domestic State: IL)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Ryan M. Nord (#11140)
SAGE LAW PARTNERS, LLC
140 North Union Ave., Suite 220
Farmington, Utah 84025
Telephone: (801) 438-7120
Facsimile: (801) 438-7121
Email: rnord@sagelawpartners.com
*Attorney for Plaintiff*

## IN THE SECOND DISTRICT COURT,
## DAVIS COUNTY, STATE OF UTAH

| | |
|---|---|
| **CODY HOOD,** | **SUMMONS** |
| Plaintiff, | |
| -vs- | |
| **ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY,** | Civil No.: _____ |
| Defendant. | Judge: _____ |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

You are hereby summoned and required to answer the attached complaint. Within 21 days after service of this Summons, you must file your written answer with the Clerk of the Court at the following address: Second District Court, 800 West State Street, P.O. Box 769, Farmington, Utah 84025, and you must mail or deliver a copy to Plaintiff's attorneys at the address listed above. If you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint. Within 10 days after service of this Summons on you, the Complaint will be filed with

the Clerk of the Court. If the Complaint is not filed with the Court within 10 days after service of this Summons upon you, then you do not need to file an answer to the Complaint. You may call the Clerk of the Court at (801) 447-3800 at least 14 days after service of this Summons upon you to determine if the Complaint has been filed.

DATED this 16th day of April, 2021.

SAGE LAW PARTNERS, LLC

*/s/ Ryan M. Nord*
Ryan M. Nord
*Attorney for Plaintiff*

2

Ryan M. Nord (11140)
**SAGE LAW PARTNERS, LLC**
140 North Union Ave., Suite 220
Farmington, Utah 84025
Tel: (801) 438-7120
Fax: (801) 438-7121
Email: rnord@sagelawpartners.com
*Attorneys for Plaintiff*

## IN THE SECOND DISTRICT COURT,
## DAVIS COUNTY, STATE OF UTAH

| | |
|---|---|
| **CODY HOOD,** <br><br> Plaintiff, <br><br> -vs- <br><br> **ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY,** <br><br> Defendant. | **COMPLAINT** <br><br> Civil No.: <br><br> Judge: <br><br> Discovery Tier: 2 |

Plaintiff Cody Hood ("Plaintiff"), hereby complains and alleges against the defendant Allstate Vehicle and Property Insurance Company (the "Defendant") as follows:

### PARTIES

1. Plaintiff is an individual who, and at all times, has resided in Davis County, State of Utah.

2. Defendant is an insurance corporation that regularly conducts business in the State of Utah and conducted business with Plaintiff in the State of Utah.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to Utah Code Ann. § 78A-5-102.

4. Venue is proper pursuant to Utah Code Ann. §§ 78B-3-304 and 307.

## FACTUAL ALLEGATIONS

5. Plaintiff is the owner of real property located at 632 West 2025 North, Centerville, Utah (the "Property").

6. Plaintiff obtained a property insurance policy, policy no. 000807400913, from Defendant (referred to herein as the "Policy"), insuring the Property.

7. Plaintiff was listed as the insured under the Policy.

8. During the Policy period, a storm (the "Storm") passed through the Property area and caused significant damage to the Property.

9. Plaintiff contacted Defendant to discuss the damage to the Property and to open a claim in relationship thereto (the "Claim").

10. Defendant failed to properly investigate the Claim.

11. Defendant failed to properly cover the Claim.

12. In total, Plaintiff is entitled to recover damages to repair the property from losses caused by the storm in an amount to be established, plus public adjuster costs, attorney fees, interest and costs.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

13. Plaintiff realleges and incorporates by reference the allegations in all of the prior paragraphs.

14. The Policy constitutes a valid and enforceable contract whereby Defendant insured Plaintiff in the Policy.

15. Plaintiff is entitled to full payment for losses under the Policy.

16. Defendant has materially breached the Policy by, among other things, failing to timely and fully pay Plaintiff for covered losses.

17. Defendant has materially breached the Policy by, among other things, failing to pay for actual damages caused by the Storm.

18. As a direct and proximate result of Defendant's material breach of the Policy as described above, Plaintiff has incurred, and continues to incur, significant damages.

19. Defendant's actions and inactions in responding to, evaluating, and handling the Claim constitutes bad faith under Utah law.

20. As a direct and proximate result of Defendant's bad faith actions and breach of the Policy, as described above, Plaintiff has incurred, and continues to incur, significant damages.

21. Plaintiff is therefore entitled to judgment against Defendant as set forth below in the Prayer for Relief.

## SECOND CAUSE OF ACTION
### (Breach of Duty of Good Faith and Fair Dealing)

22. Plaintiff realleges and incorporates by reference the allegations in each of the prior paragraphs.

23. The Policy constitutes a valid and enforceable contract between Defendant and Plaintiff.

24. An implied covenant of good faith and fair dealing exists in the Policy.

3

25. Defendant breached the duty of good faith and fair dealing in the following respects:

    a. Failing to properly investigate the Claim;

    b. Failing to fairly evaluate the Claim;

    c. Failing to promptly pay and settle the Claim;

    d. Failing to comply with Utah law regarding the handling of the Claim;

    e. Misrepresenting facts regarding policy provisions and coverages;

    f. Asserting standards and terms for denial of the Claim not contained within or supported by the Policy; and

    g. Failing to deal with its insured as a layman and not as an expert in the subtleties of law and insurance.

26. As a direct and proximate result of Defendant's breach of the duty of good faith and fair dealing as described above, Plaintiff has incurred, and continues to incur, significant damages.

27. Plaintiff is therefore entitled to judgment against Defendant as set forth below in the Prayer for Relief.

### **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests relief as follows:

I. On Plaintiff's First Cause of Action: A money judgment against Defendant in an amount to be established, plus public adjuster costs, attorney fees, interest and costs;

II. On Plaintiff's Second Cause of Action: A money judgment against Defendant in an amount to be established, plus public adjuster costs, attorney fees, interest and costs;

4

III. For such other relief as the Court deems proper.

DATED this 16th day of April 2021.

**SAGE LAW PARTNERS, LLC**

*/s/ Ryan M. Nord*
Ryan M. Nord
*Attorneys for Plaintiff*